In the Matter of the Application of GABRIEL A. BOBRICK for a Peremptory Writ of Mandamus to Be Directed to JOHN V. MCAVOY, a Justice of the Supreme Court, etc.

First Department, July 3, 1919.

**Practice — action at law — stipulation permitting entry of verdict as though jury were actually present — decision stating findings of fact and conclusions of law not necessary.**

Where in an action at law the parties at the close of the case stipulated, at the suggestion of the court, that when it directed or rendered a verdict in the absence of the jury that said verdict might be entered by the clerk as though the jury were actually present, the court was not required to make and file a decision stating separately the facts found and the conclusions of law.

MOTION to the Appellate Division in the first instance for a peremptory writ of mandamus directed to John V. McAvoy, a justice of the Supreme Court.

*Barclay E. V. McCarty,* for the motion.

*William M. Bennett,* opposed.

CLARKE, P. J.:

This is an application for a peremptory writ of mandamus to be directed to a justice of the Supreme Court presiding at Trial Term commanding and requiring said justice to make and file a decision stating separately the facts found and the conclusions of law and directing the judgment to be entered thereon in a certain action tried before him in which Gabriel A. Bobrick was the plaintiff and David Mackenzie the defendant.

The action was brought to recover a money judgment for the breach of a certain written agreement and was tried before a jury. At the close of the case, both sides having moved, the court said: " I will reserve decision. You gentlemen can stipulate without any damage to your rights that the Court when it directs a verdict or renders a verdict in the absence of the jury that the verdict may be entered by the

clerk as a general verdict either way as the Court directs, as though the jury were actually present and record the verdict, and that will save you the trouble of making up findings." Plaintiff's attorney: "The plaintiff so stipulates." Addressing defendant's attorney: "Do you stipulate that?" Defendant's attorney: "The defendant so stipulates." The court: "The Court will direct an exception to be entered in behalf of whoever is beaten." Addressing the jury: "The case having been submitted to the Court for the direction of a verdict you are discharged from further consideration of the case. [Jury discharged.]"

Subsequently the court directed a verdict in favor of the plaintiff for $6,139.03, without interest. Thereafter the plaintiff requested the court to make findings of fact and conclusions of law, which request having been denied as unnecessary this application for a mandamus was made to this court.

The applicant invokes sections 1010 to 1022 of the Code of Civil Procedure. These sections are found in chapter 10, title 2, which is headed "Trials without a jury" and regulate the practice upon trials by the court without a jury and trials before a referee and, upon such trials, provide for the making of findings of fact and conclusions of law by the court or the referee as the case may be. He also relies upon certain cases which were either equity cases, where of course the practice provided in said sections are applicable, or where by an early discharge of the jury and the subsequent taking of testimony, the case has proceeded as in equity and there had been no proper stipulation entered into. In the case under consideration the broadest kind of a stipulation was entered into at the suggestion of the court and upon the instance of the plaintiff's attorney and the result is precisely the same as if the court had directed a verdict in the presence of the jury and they had returned the verdict as directed, for judgment, in that instance, would have been entered upon the clerk's minutes, and, in this case, it was expressly stipulated that the clerk should enter the general verdict as the court directs as though the jury were actually present.

In our opinion under such circumstances the refusal of the learned trial court to make findings of fact and conclusions

of law was justified by the record and the motion for a peremptory writ of mandamus is, therefore, denied.

DOWLING, SMITH, PAGE and PHILBIN, JJ., concurred.

Motion denied, with ten dollars costs.