## HAIGHT v. FIRST BAPTIST CHURCH OF CAMILLUS, N. Y.

District Court, N. D. New York.

Jan. 20, 1942.

Keith F. Driscoll, of Syracuse, N. Y., for plaintiff.

Hancock, Dorr, Ryan & Shove, of Syracuse, N. Y., for defendant.

BRYANT, District Judge.

This is a stock assessment action. It has been submitted on an agreed statement of facts. The pertinent facts are:

1. The Salt Springs National Bank of Syracuse was organized on or about 1865 as a National Banking Association under the Acts of Congress. It carried on the business of banking in the City of Syracuse in this District until March 3, 1933, when it was closed pursuant to proclamation. It has never been re-opened.

2. On January 22, 1934, the Comptroller of the Currency, acting pursuant to authority, appointed a receiver. This receiver qualified and acted until his death, October 24, 1934. On October 29, 1934, above named plaintiff was appointed receiver and qualified and ever since has been acting as such.

3. At the time of the closing of said bank the First Baptist Church of Camillus was, and ever since has been, the owner of 136 shares of the capital stock of said bank of the par value of $25 per share. The stock was acquired by said church as follows: Prior to December 31, 1925, it was willed 34 shares of the capital stock of said bank. On December 31, 1925, a

926

certificate for 34 shares was issued and delivered to said church. In 1929, the par value of said stock was reduced and on or about September 23, 1929, there was issued, and entered on the books of the bank, in the name of the First Baptist Church of Camillus, a certificate for 136 shares of the par value of $25 each. This certificate, issued to replace the 34 shares, was delivered to the church.

4. From December 31, 1925, the stock (34 shares to September 23, 1929, and after that date 136 shares) had been carried on the records of the bank in the name of said church. From the original date of ownership, the said church had received all of the benefits pertaining to the ownership of said stock, including large dividends from date of ownership to July 1st, 1932.

5. The First Baptist Church of Camillus was, and is, a religious corporation organized under the laws of the State of New York, particularly Article 7 of the New York Religious Corporations Law. Article 7 relates to Baptist Churches.

6. The acquisition, or ownership, of the said stock by this defendant was never authorized, consented to or ratified by any corporate meeting of the Church, nor has said acquisition, or ownership, ever been authorized, approved or ratified by any order of any court.

7. On May 1, 1934, the Comptroller of the Currency of the United States levied an assessment of 100% on the stock of the said bank, which by his written order was made due and payable on June 8, 1934.

8. A timely written notice was served upon the defendant demanding payment of $3,400 with interest from June 8, 1934.

9. Payment was refused and this suit was commenced within the time prescribed by statute.

Really, there is only one question in the case. Is defendant, under above facts, subject to a stock assessment?

█ █ The defendant, a religious corporation, is limited to the powers given by the laws of the State of New York. Sec. 13 of General Corporation Law. The statute giving a corporation power to acquire or hold stock in another corporation is Section 18 of the Stock Corporation Law. The defendant is not one of the kinds of corporations specified in that section. While there is not express prohibition against a Baptist Church owning bank stock, such a "prohibition is implied from the failure to grant the power". Concord First National Bank v. Hawkins, 174 U.S. 364, page 367, 19 S.Ct. 739, 741, 43 L.Ed. 1007. I conclude that defendant was without authority of law to hold as an investment said shares of stock. However, defendant did hold itself out as owner of the stock and received substantial dividends thereon. Because of this, plaintiff claims that defendant is estopped from pleading "ultra vires" and has waived any and all claim to exemption of liability.

█ Estoppel from pleading, or a waiver of right to claim, exemption from liability on national bank stock received and held without authority of law, if such an estoppel or waiver can be claimed, must be predicated upon the premise that defendant, expressly or by its acts, agreed, contracted or consented to be subject to the assessment. Liability for a bank stock assessment is not simply a statutory imposition. The statute merely attaches liability conditions to the ownership. These conditions have to be accepted. Ordinarily, they are regarded as voluntarily assumed through the acceptance of the stock. Here the party, and the only party, who possibly could accept the unauthorized investment and subject defendant to assessment liability is the corporate membership. Sec. 139 of the Religious Corporations Law; Bank of Manhattan Trust Co. v. 2166 Broadway Corp., 142 Misc. 910, 256 N.Y.S. 553. Acts of the treasurer, or acts of the trustees, in relation to this stock, without proof of acceptance of, or acquiescence in, those acts by a corporate meeting, form no basis for either waiver or estoppel. Bank of Manhattan case, supra; Poterski v. Polish National Catholic Church, Sup., 177 N.Y.S. 208; Landers v. Frank Street M. E. Church, 97 N.Y. 119. The agreed statement of facts expressly states that the acquisition, or ownership, of the stock by this defendant was never authorized, consented to or ratified by any corporate meeting of the church. There is no proof that the corporate membership knew that this stock was acquired, owned or held by the treasurer or trustees. The probabilities are that a large majority of that membership did not know.

I conclude that:

1. Defendant, being without power to hold as an investment National Bank stock,

did not, through the mere acquisition and apparent ownership of the stock, become a stockholder subject to assessment.

2. Defendant is not estopped from pleading "ultra vires" as a defense.

3. The facts fail to show any acceptance of the stock by defendant and, also, fail to show any waiver of exemption of liability.

4. Defendant is entitled to judgment dismissing the complaint with costs.